IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                            Case No. 6:15-cr-10184-02-JTM

JOSE ANIBAL JACOME-LEON,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on two motions filed by defendant Jose Anibal Jacome-Leon: a "Motion to Request Reduction of Sentence Based on Minor Role" (Dkt. 123) and a "Motion to Compel Prosecutor to File Rule 35(b) [Motion]" (Dkt. 125). For the reasons that follow, the motions are denied.

**I. Background.**

Defendant was one of four individuals charged in a superseding indictment. Dkt. 27. He was charged with conspiracy to distribute more than 500 grams of a mixture containing methamphetamine and with unlawful possession with intent to distribute more than 500 grams of such a mixture. The potential penalty for these offenses included a minimum term of imprisonment of 10 years and a maximum term of life imprisonment. *See* 21 U.S.C. § 841(a)(1) & (b)(1)(A); 18 U.S.C. § 2.

Defendant subsequently waived indictment and pleaded guilty to an information charging interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). That offense carried a maximum possible penalty of five years

imprisonment. As part of a plea agreement, the Government agreed to recommend a sentence of 60 months. Dkt. 94.

The Presentence Report (PSR) asserted that defendant was responsible for 6.7 kilograms of actual methamphetamine, resulting in an adjusted guideline offense level of 36, which included a reduction for having played a minor role in the offense. Dkt. 101 at ¶¶ 33, 37. He also received 3 levels off for acceptance of responsibility, resulting in a total offense level of 33. With a criminal history category of II, defendant would have been facing an advisory guideline range of 151 to 188 months imprisonment, but because the maximum statutory penalty for his offense was five years, the advisory guideline became 60 months.

Defendant did not object to the PSR, but he did file a motion for a downward variance, which argued that several factors warranted a sentence below 60 months. Dkts. 98, 99. The Government opposed the motion. Dkt. 118.[1] The court adopted the findings in the Presentence Report and, after weighing the factors in 18 U.S.C. § 3553(a), imposed a sentence of 60 months. Dkt. 120.

**II. Discussion.**

Defendant's first motion argues "that he should have received a reduction on his sentence based on his minor role in the offense." Dkt. 123 at 1. The court notes that defendant's sentencing guideline in fact took into account the minor role he played; it included a 2-level reduction under USSG § 3B1.2. Dkt. 101 at ¶37. The court took that

---

[1] Defendant's motion also prompted the Government to file a motion to determine whether defendant breached the plea agreement. Dkt. 104. The court denied that motion after hearing the parties' arguments. Dkt. 117.

fact into account at the time of sentencing. At any rate, the court has no authority to alter the sentence at this point. The motion does not argue that the sentence was imposed in violation of the laws or constitution of the United States, and it therefore does not seek relief under 28 U.S.C. § 2255. Section 3582(c) of Title 18 likewise provides no avenue for relief, as none of the circumstances that allow modification of a final sentence are present here. "A district court does not have inherent authority to modify a previously imposed sentence; it may only do so pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Defendant has cited no facts to authorize or justify an alteration of his sentence.

Defendant's second motion seeks to compel the Government to file a motion for reduction of sentence under Rule 35(b). Dkt. 125. The court may review the Government's refusal to file a Rule 35(b) motion only in three narrow circumstances: (1) if the refusal violates an agreement with the Government; (2) if the refusal was based on an unconstitutional motive such as defendant's race or religion; or (3) in an egregious case, where the prosecution "stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." *United States v. Cerrato-Reyes*, 176 F.3d 1253, 1264 (10th Cir. 1999); *United States v. Brown*, 2005 WL 3617908, *1 (D. Kan., Dec. 13, 2005).

Defendant cites nothing to support review of the Government's action. The plea agreement contained no promise by the Government to file a motion for reduction. Dkt. 35. The Government promised to recommend a sentence of 60 months, which it in fact did. Nor does defendant cite any unconstitutional motive for the Government's refusal

3

to ask for a reduction or allege any facts to support such a claim. Finally, defendant does not cite "overwhelming evidence" that his assistance to the Government was substantial, let alone that it was so substantial "as to cry out for meaningful relief." He cites nothing more than an allegation that he provided some information to the Government. As the Supreme Court noted in *Wade v. United States*, 504 U.S. 181, 187 (1992), "a showing of assistance is a necessary condition for relief, [but] it is not a sufficient one." Defendant fails to allege any facts to show that the Government's decision was not based on a rational assessment of the information provided and its value, or lack thereof, in the prosecution of others.

**IT IS THEREFORE ORDERED** this 11th day of October, 2017, that defendant's Motion to Reduce Sentence (Dkt. 123) and Motion to Compel (Dkt. 125) are DENIED.

\_\_\_s/ J. Thomas Marten\_\_\_\_\_
J. THOMAS MARTEN, JUDGE